# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

AMIRA SAMI SALEM,

               Petitioner,               Case Number: 03-74315

v.                                     HON. BERNARD A. FRIEDMAN

J. YUKINS,

               Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR ISSUANCE OF UNCONDITIONAL WRIT OF HABEAS CORPUS

### I.

Petitioner Amira Sami Salem, through counsel, filed a petition for a writ of habeas corpus. Petitioner, who is incarcerated at the Huron Valley Womens Complex in Ypsilanti, Michigan, pursuant to convictions for delivery of between 225 and 650 grams of heroin and conspiracy to deliver between 225 and 650 grams of heroin, argued *inter alia*, that the trial court violated her right to a public trial by closing a portion of her entrapment hearing to the public. The Court held that Petitioner's Sixth Amendment right to a public trial was violated and issued a conditional writ of habeas corpus. Now before the Court is Petitioner's Motion for Issuance of Unconditional Writ of Habeas Corpus.

### II.

In her petition, Petitioner argued she was denied her right to a public trial when the trial court closed the courtroom to the public during her entrapment hearing while a confidential

informant, Joe Issa.[1]  In the Opinion and Order Conditionally Granting Petition for Writ of

Habeas Corpus (Conditional Writ), the Court held that, within ninety days, "the trial court shall

conduct a new, public entrapment hearing."  *See* Court's Opinion and Order, pp. 17, 21.

Petitioner seeks issuance of an unconditional writ on the ground that the trial court failed to

comply with the Court's Conditional Writ.

 The trial court convened for an entrapment hearing on April 27, 2006.  At the outset, the

parties disputed the scope of the entrapment hearing.  Petitioner argued that this Court's

Conditional Writ required the trial court to conduct a new, public entrapment hearing at which

not only would Joe Issa testify in an open courtroom, but Petitioner would also be able to call

additional witnesses.  The State argued that only Mr. Issa should provide live testimony at the

entrapment hearing because his was the only testimony that previously had been given in a

closed courtroom.  The State argued that the trial court could rely on the transcripts from the

previous entrapment hearing with respect to all other witnesses.  Petitioner argued that

transcripts from the previous entrapment hearing were insufficient because a different trial court

judge conducted the previous entrapment hearing.  Therefore, the trial court judge conducting

the new entrapment hearing would be unable to assess the witnesses' credibility.  The trial court

---

 [1]  This was the second entrapment hearing.  At the first entrapment hearing, Petitioner had not been provided an opportunity to cross-examine informant Joe Issa.  On direct appeal, the Michigan Court of Appeals remanded the matter to the trial court for a new entrapment hearing at which the defense would be given an opportunity to confront and cross-examine informant Joe Issa.  People v. Salem, No. 205746 (Mich. Ct. App. Jan. 12, 2001).  On remand, the trial court conducted another entrapment hearing, during which Petitioner was permitted to cross-examine informant Joe Issa, but the courtroom was closed to the public during Joe Issa's testimony.  Following the entrapment hearing, the trial court issued an opinion and order denying Petitioner's motion to dismiss on the basis of entrapment.  People v. Salem, No. 1995-1195 (Macomb County Circuit Court June 15, 2001).

determined that it would hear only the testimony of Joe Issa at the new entrapment hearing.  The trial court reasoned that reliance on the trial court transcript with respect to the other witnesses was appropriate and sufficient.  The trial court also denied Petitioner's request to present witnesses not presented at the previous entrapment hearing.

"A federal district court retains jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case. A state's failure to timely cure the error identified by a federal district court in its conditional habeas order justifies the release of the petitioner."  Gentry v. Deuth, 456 F.3d 687, 692 (6th Cir. 2006) (internal quotation omitted).  Thus, the question before the Court is whether the trial court's decision to limit testimony at the new entrapment hearing violates the Conditional Writ.

When a petitioner alleges noncompliance with a conditional writ, "the district court must make a finding concerning the sufficiency of the action that the state took pursuant to its mandate."  Phifer v. Warden, United States Penitentiary, Terre Haute, Ind., 53 F.3d 859, 865 (7th Cir. 1995).  In making this determination, the district court may consider whether the state's actions ran afoul of the "letter or spirt of the conditional writ."  Patterson v. Haskins, ___ F.3d ___, 2006 WL 3068988, *21 (6th Cir. Oct. 31, 2006).  A district court may decline to issue an unconditional writ where the state fails to comply with the precise language of the conditional writ if the district court determines that the state has substantially complied with the conditions.  Santos-Rosario v. Renico, No. 05-cv-70456. 2006 WL 847111, * 1-2 (E.D. Mich. March 30, 2006) (Rosen, J).  "[T]he real thrust of [a conditional writ] is to alert the state court to the constitutional problem and notify it that the infirmity must be remedied."  Smith v. Lucas, 9 F.3d 359, 367 (5th Cir. 1993).

The plain language of the Court's Conditional Writ directed that Petitioner be provided a "new, public entrapment hearing." Opinion and Order, pp. 17, 21. The Court, exercising its "broad discretion in conditioning a judgment granting habeas corpus relief," Hilton v. Braunskill, 481 U.S. 770, 775 (1987), determined a new, public entrapment hearing, to be a more appropriate remedy than a new trial. The Court reasoned that awarding Petitioner a new trial might result in an unjustified windfall for her because a public entrapment hearing may not have yielded a different result than that obtained after the closed entrapment hearing.

The Court finds that, while the trial court did not comply with the precise terms of the conditional writ, it did not violate the spirit of the Court's conditional writ. The Court granted the conditional writ on the ground that Petitioner was denied her right to a public trial when Joe Issa testified in a closed courtroom. Joe Issa has now testified in an open courtroom. Petitioner was provided the opportunity to cross-examine Mr. Issa in an open courtroom and, in fact, cross-examined him extensively. The trial court's decision not to allow any witnesses other than Mr. Issa to testify at the entrapment hearing was not a refusal to comply with the Conditional Writ. Instead, the trial court, after reasoned consideration, determined that allowing Mr. Issa to testify in a public forum was all that was required by the Conditional Writ.

Petitioner's argument on direct appeal and in her habeas petition that she was entrapped has rested primarily on Joe Issa's actions and testimony. The remainder of the witnesses at the entrapment hearing following remand by the Michigan Court of Appeals, testified in open court. Therefore, their testimony did not implicate Sixth Amendment concerns. The Court's reference in the Conditional Writ to the possibility that "additional or different testimony relevant to the entrapment claim" might be adduced at a new entrapment hearing was not intended to suggest

4

that this new testimony necessarily would come from witnesses other than Mr. Issa.

The Court finds that the trial court has complied substantially with the Court's Conditional Writ and has remedied the constitutional infirmity.  Directing the State to unconditionally release Petitioner because the trial court, after reasoned consideration, did not allow witnesses who already had testified in an open courtroom to re-testify would not serve the interests of law and justice and would indisputability result in a windfall for Petitioner.

### III.

For the foregoing reasons, **IT IS ORDERED** that Petitioner's Motion for Issuance of Unconditional Writ of Habeas Corpus is **DENIED**.


   s/Bernard A. Friedman
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

DATED: December 4, 2006